1   Ryan C. Squire, SBN 199473
    (rsquire@garrett-tully.com)
2   Jennifer R. Slater, SBN 216207
    (jslater@garrett-tully.com)
3   GARRETT & TULLY, P.C.
    225 South Lake Avenue, Suite 1400
4   Pasadena, CA 91101-4869
    Telephone: (626) 577-9500
5   Facsimile:  (626) 577-0813

6   Attorneys for Defendant Jesus C. Lopez, Jr., Individually and as Trustee of the San
    Miguel Irrevocable Trust
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  Goltha Green,                          CASE NO.  CV13-7149
                                           (Honorable Manuel L. Real)
12               Plaintiff,

13       vs.                               **DEFENDANT JESUS C. LOPEZ,
                                           JR.'S NOTICE OF MOTION AND
14  JPMorgan Chase Bank, N.A.; Federal     MOTION TO DISMISS
    Deposit Insurance Corporation (FDIC);  PLAINTIFF'S COMPLAINT
15  Katrin Franz; Douglas Johnson; Richard PURSUANT TO FEDERAL RULE
    Sweeney, court appointed receiver, in  OF CIVIL PROCEDURE 12(B)(1)
16  his individual capacity; Preferred Realty AND 12(B)(6); MEMORANDUM OF
    Advisors, Inc; David Caballero; CRP    POINTS AND AUTHORITIES;
17  Properties, Inc.; California           DECLARATION OF JENNIFER
    Reconveyance Company; Bruce Menke;     SLATER IN SUPPORT THEREOF**
18  Mitchell Ludwig; Zachary Lawrence;
    Patty Floyd; Jesus C. Lopez, Jr., Trustee [*Filed Concurrently with Request for
19  of the San Miguel Irrevocable Trust;   Judicial Notice and Proposed Order*]
    Jesus C. Lopez Jr.; Wilshire Fund 54th
20  Street LLC; 54th Street Investments,
    LLC; J&J Capital Partners, LLC; North  **DATE:  April 7, 2014
21  American Title Company; Paul Siong      TIME:  10:00 a.m.
    Kuong Ling; Edythe I-Tze Ling;         DEPT:  Courtroom 8**
22  Ridgeley Drive Apartments, LLC; FCI
    Lender Services, Inc.; The Evergreen   Action Filed:   September 26, 2013
23  Advantage, LLC; All persons unknown,   Trial Date:    None Set
    claiming any legal or equitable right,
24  title, estate, lien, or interest in the
    property described in the complaint
25  adverse to Plaintiff's title, or any cloud
    on Plaintiff's title thereto, DOES 1-3,
26
                 Defendants.
27

28

                                          1

GARRETT & TULLY
A PROFESSIONAL CORPORATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 7, 2014 at 10:00 a.m. in Courtroom 8 2nd Floor of the above-entitled court located at 312 N. Spring Street, Los Angeles, California 90012, defendant Jesus C. Lopez, Jr., individually and in his capacity as Trustee of the San Miguel Irrevocable Trust ("Mr. Lopez") will move to dismiss with prejudice the complaint of plaintiff Goltha Green pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because this court does not have subject matter jurisdiction to adjudicate plaintiff's claims and the allegations in plaintiff's fail to state a claim for quiet title, cancellation of deed, declaratory relief and intentional infliction of emotional distress against Mr. Lopez.

This motion is made following the conference of Mr. Lopez's counsel with plaintiff's counsel pursuant to L.R. 7-3 which took place telephonically on February 14, 2014 at approximately 11:30 a.m. (Declaration of Jennifer R. Slater ("Slater Decl.") ¶ 3.) At that meeting, counsel for Mr. Lopez attempted to discuss the contemplated motion to dismiss and the grounds for such motion. (Slater Decl., ¶ 3.) Plaintiff's counsel grew agitated and repeatedly yelled at Mr. Lopez's counsel when she began to state the grounds for Mr. Lopez's motion. (Slater Decl., ¶ 3.) Mr. Lopez's counsel indicated she was simply trying to meet and confer in good faith and would not be able to continue if he continued to yell at her. (Slater Decl., ¶ 3.) Plaintiff's counsel continued to yell at Mr. Lopez's counsel. (Slater Decl., ¶ 3.) Accordingly, Mr. Lopez's counsel could not discuss every basis for the contemplated motion and ended the telephone call. (Slater Decl., ¶ 3.) Based on this telephone conversation, Mr. Lopez's counsel did not believe any further meet and confer efforts would be productive. (Slater Decl., ¶ 3.)

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT JESUS C. LOPEZ, JR.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

GARRETT & TULLY
A PROFESSIONAL CORPORATION

163349.wpd
91498-409

1       This motion to dismiss will be based upon this notice, the attached memorandum

2 of points and authorities, the concurrently filed request for judicial notice, upon all

3 pleadings, exhibits, pages, and records on file herein, as well as upon such further oral

4 and documentary evidence as may be presented at the time of the hearing on this motion

5 to dismiss.

6

7 DATED: February 20, 2014       GARRETT & TULLY, P.C.

8       Ryan C. Squire
      Jennifer R. Slater

9

10       /s/
      JENNIFER R. SLATER

11       Attorneys for Defendant Jesus C. Lopez, Jr.,
      Individually and as Trustee of the San Miguel

12       Irrevocable Trust

GARRETT & TULLY
A PROFESSIONAL CORPORATION

DEFENDANT JESUS C. LOPEZ, JR.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

# TABLE OF CONTENTS

Page(s)

I.   Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.   Factual Background/Allegations of the Complaint. . . . . . . . . . . . . . . . . . . .  2

    A.   Acquisition of Subject Properties and Subject Loans. . . . . . . . . . . . . .  2

    B.   FDIC Appointed as Receiver for Washington Mutual and Involvement of JPMorgan Chase Bank. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    C.   Plaintiff's Allegations of JPMorgan's Alleged Misconduct  . . . . . . . . .  3

    D.   State Court Lawsuits Filed by JPMorgan Chase Bank. . . . . . . . . . . . . .  5

    E.   Assignments of Deed of Trust, Defendant Lopez' Purchase of Imperial Property and Complaint's Allegations Against Mr. Lopez . . . . . . . . . .  6

III.   Legal Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

    A.   Standard Of Review for Pleadings and Motions to Dismiss. . . . . . . . .  7

    B.   The Court May Consider Documents Referenced in the Pleadings and Judicially Noticeable Documents When Ruling on a Motion to Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

    C.   The Motion to Dismiss Must Be Granted Because This Court Lacks Subject Matter Jurisdiction to Adjudicate Plaintiff's Claims. . . . . . . .  8

    D.   Plaintiff's Quiet Title, Cancellation of Deed and Declaratory Relief Claims Are Barred by the Doctrine of Collateral Estoppel. . . . . . . . .  10

    E.   To The Extent Plaintiff's Declaratory Relief and Cancellation of Deed Claims are Based on JPMorgan's Alleged Wrongful Foreclosure, They are Time Barred. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

    F.   Plaintiff's Intentional Infliction of Emotional Distress Claim Is Fatally Defective. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

        1.   Plaintiff Fails to Plead the Requisite Elements of His Emotional Distress Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

GARRETT & TULLY
A PROFESSIONAL CORPORATION

i

## CONTINUATION OF TABLE OF CONTENTS

Page(s)

2.     Plaintiff's Emotional Distress Claim is Time Barred. . . . . . . .   13

IV.   Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GARRETT & TULLY**
A PROFESSIONAL CORPORATION

ii

163349.wpd
91498-409

DEFENDANT JESUS C. LOPEZ, JR.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

## TABLE OF AUTHORITIES

Page(s)

FEDERAL CASES

*Balistreri v. Pacifica Police Dep't,*
   901 F.2d 696, 699 (9th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Branch v. Tunnell*
   14 F.3d 449, 454 (9th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Clegg v. Cult Awareness Network*
   18 F.3d 752, 754-55 (9th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Conley v. Gibson*
   355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Daniels v. Williams*
   474 U.S. 327 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Davis v. Calvin*
   2008 U.S. Dist. LEXIS 83088, 10 (E.D. Cal. 2008) . . . . . . . . . . . . . . . . 7

*Ento v. California*
   2013 U.S. Dist. LEXIS 173558, 1 (E.D. Cal. 2013) . . . . . . . . . . . . . . . . 7

*Gibson v. Chrysler Corp.*
   261 F.3d 927, 930 (9th Cir. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Autodesk, Inc. Sec. Litig.*
   132 F.Supp.2d 833, 837-38 (N.D.Cal.2000) . . . . . . . . . . . . . . . . . . . . . . 8

*Jones v. Dovery*
   2009 U.S. Dist. LEXIS 126104, 6 (S.D. Cal. 2009) . . . . . . . . . . . . . . . . 7

*McCarthy v. United States*
   850 F.2d 558, 560 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Monroe v. Pape*
   365 U.S. 167, 184 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Owen Equip. & Erection Co. v. Kroger*
   437 U.S. 365, 374 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*
   343 F.3d 1036, 1039 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Steckman v. Hart Brewing, Inc.*
   143 F.3d 1293, 1295 (9th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Stock West, Inc. v. Confederated Tribes*
   873 F.2d 1221, 1225 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

GARRETT & TULLY
A PROFESSIONAL CORPORATION

DEFENDANT JESUS C. LOPEZ, JR.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

163349.wpd
91498-409

# CONTINUATION OF TABLE OF AUTHORITIES

Page(s)

*Western Mining Council v. Watt*
643 F.2d 618, 624 (9th Cir.1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Classic*
313 U.S. 299, 325-26 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

STATE CASES

*Bernhard v. Bank of America*
19 Cal. 2d 807, 810 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

*Christensen v. Superior Court*
54 Cal. 3d 868, 903 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Glaski v. Bank of America*
218 Cal. App. 4th 1079, 1100, fn. 17 (2013) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lucido v. Superior Court*
51 Cal. 3d 335, 341 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Potter v. Firestone Tire & Rubber Co.*
6 Cal. 4th 965, 1001 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Pugliese v. Superior Court*
146 Cal. App. 4th 1444, 1450 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Teitelbaum Furs, Inc. v. Dominion*
58 Cal. 2d 601, 604 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

*Vandenberg v. Superior Court*
21 Cal. 4th 815, 828 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

GARRETT & TULLY
A PROFESSIONAL CORPORATION

163349.wpd
91498-409

DEFENDANT JESUS C. LOPEZ, JR.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

# CONTINUATION OF TABLE OF AUTHORITIES

Page(s)

**FEDERAL STATUTES**

28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. §1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C.S. § 1367(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Federal Rule of Civil Procedure 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


**STATE RULES**

California Code of Civil Procedure § 2924 . . . . . . . . . . . . . . . . . . . . . . . . . . 12

California Code of Civil Procedure § 335.1 . . . . . . . . . . . . . . . . . . . . . . . . . 13

California Code of Civil Procedure § 339 . . . . . . . . . . . . . . . . . . . . . . . . . . 12

v

DEFENDANT JESUS C. LOPEZ, JR.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiff Goltha Green's 267 page complaint is an abusive and ill-fated attempt to obtain another bite of the judicial apple after having lost his bid in state court to prevent defendant JPMorgan Chase Bank's June 2011 foreclosures on four apartment buildings located in Los Angeles County. Several previously served defendants have filed similar motions to dismiss plaintiff's complaint which are set for hearing on March 17, 2014. In particular, plaintiff's claims against defendant Jesus C. Lopez suffer from the following fatal flaws.

First, this court does not have subject matter jurisdiction to adjudicate plaintiff's claims. There is no diversity jurisdiction because plaintiff is a citizen of the State of California, as are several defendants. Plaintiff has not established a viable federal question claim or that this court has supplemental jurisdiction to hear the state law claims against defendant Lopez because the purported 42 U.S.C. § 1983 claims are not transactionally related to the state law claims against Mr. Lopez for quiet title, cancellation of deed, declaratory relief and intentional infliction of emotional distress.

Secondly, judicially noticeable documents establish that plaintiff's claims for quiet title, cancellation of deed and declaratory relief are barred by the doctrine of collateral estoppel because the Los Angeles Superior Court issued an order on September 9, 2011 confirming the validity of the foreclosure sales and holding that plaintiff had no right, title or interest in any of the four apartment buildings as of the date of the June 2011 foreclosures. The court order provided that defendant CRP maintained proper ownership and possession until a subsequent sale or future order of the court. It was CRP that sold one of the subject properties to defendant Lopez on or about September 15, 2011.

Third, to the extent plaintiff's declaratory relief and cancellation of deed claims are based on JPMorgan's alleged wrongful foreclosure, they are time barred. This is because plaintiff essentially alleges that JPMorgan reneged on its purported verbal agreement to "work with" plaintiff and not accelerate the loans despite plaintiff's late or

GARRETT & TULLY
A PROFESSIONAL CORPORATION

1

163349.wpd
91498-409

partial payments.

Fourth, plaintiff's intentional infliction of emotional distress claim against Mr. Lopez fails to adequately plead facts demonstrating Mr. Lopez, as opposed to other defendants, engaged in "extreme and outrageous" conduct to support such a claim. More importantly, assuming plaintiff's cause of action is based upon September 21, and 25, 2011 altercations that purportedly occurred between Mr. Lopez and plaintiff, the claim is time barred because it was not filed within two years as required by California Code of Civil Procedure § 335.1

As discussed in detail below, no amendments can remedy the complaint's fatal defects, and therefore it is appropriate for this court to grant Mr. Lopez's motion to dismiss without leave to amend.

## II.   FACTUAL BACKGROUND/ALLEGATIONS OF THE COMPLAINT.

### A.   Acquisition of Subject Properties and Subject Loans.

Plaintiff Goltha Green contends to have worked as a bus driver for 23 years and then suffered a stroke, retiring in 1999. (Complaint ¶ 61.)

Plaintiff contends to have saved enough money between 1976 and 1983 to have purchased a run-down, 20 unit apartment building located at 2425 Ridgeley Drive, Los Angeles, California ("2425 Ridgeley Property") in July 1982, obtaining loans from Washington Mutual to finance his purchase. (Complaint ¶s 63 and 68.) Plaintiff claims to have fixed up the 2425 Ridgeley Property and rented it to Section 8 tenants. Plaintiff contends to have obtained loans from Washington Mutual on January 5, 2007 in the amount of $1,600,000 and October 1, 2007 in the amount of $224,0000 secured by the 2425 Ridgeley Property. (Complaint ¶s 70-75.)

Plaintiff contends to have purchased a second apartment building located at 750-752 W. Imperial Highway, Los Angeles, CA 90044 ("Imperial Property") in March 2001. (Complaint ¶ 83.) Plaintiff claims to have obtained a loan from Washington Mutual in May 2007 in the amount of $567,000 secured by the Imperial Property. (Complaint ¶s 84-86.)

GARRETT & TULLY
A PROFESSIONAL CORPORATION

163349.wpd
91498-409

Plaintiff claims to have purchased a third apartment building located at 2419 Ridgeley Drive, Los Angeles California ("2419 Ridgeley Property") in 2006. (Complaint ¶ 65.) Plaintiff contends to have obtained loans from Washington Mutual on May 4, 2006 in the amount of $675,000 and on September 7, 2007 in the amount of $300,000 secured by the 2419 Ridgeley Property. (Complaint ¶s 77-82.)

Plaintiff claims to have purchased a fourth 54 unit apartment building located at 2501-2512 1/2 West 54th Street and 5355-5363 1/2 3rd Avenue, Los Angeles, CA 90043 ("54th Street Property") in 2007. (Complaint ¶ 66.) Plaintiff claims to have lived at the 54th Street Property throughout all relevant times alleged in his complaint. (Complaint ¶ 67.) Plaintiff contends to have obtained a loan from Washington Mutual on September 27, 2007 in the amount of $1,370,000 secured by the 54th Street Property. (Complaint ¶ 88-90.)

Plaintiff alleges that in March 2008, the 54th Street Property was cited by the City of Los Angeles for code violations requiring major repairs exceeding $100,000. (Complaint ¶ 95.) Plaintiff contends that Washington Mutual verbally promised to "work with" plaintiff and did not strictly enforce the repayment of the terms of the loan agreements, allowing plaintiff to "pay late, forgave repayment penalties, carried over delinquent installment to the next month, etc." (Complaint ¶ 96.)

## B. FDIC Appointed as Receiver for Washington Mutual and Involvement of JPMorgan Chase Bank.

Plaintiff contends that on September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and appointed the FDIC as its receiver. (Complaint ¶ 97.) Plaintiff alleges that defendant JPMorgan Chase represented that it owned all six of plaintiff's notes and deeds of trust based on an "Affidavit of the FDIC" executed on October 2, 2008 pursuant to 12 U.S.C. § 1821. (Complaint ¶ 89.) Plaintiff alleges around October 3, 2008, JPMorgan Chase began servicing all six of plaintiff's loans originated by Washington Mutual. (Complaint ¶ 100.) Plaintiff further alleges that in November 2008, JPMorgan "adopted" Washington Mutual's prior agreement to "work

3

GARRETT & TULLY
A PROFESSIONAL CORPORATION

163349.wpd
91498-409

with plaintiff." (Complaint ¶ 102.)

### C.    Plaintiff's Allegations of JPMorgan's Alleged Misconduct

Plaintiff contends that beginning in March 2009, JPMorgan billed plaintiff for forced insurance premiums despite the fact plaintiff had purportedly already obtained a insurance policy from Flynn Commercial Insurance in October 2008 for the 2425 Ridgeley Property and improperly withdrew money from plaintiff's personal bank account. (Complaint ¶s 99, 104-106.)  Plaintiff further alleges that in late 2009 JPMorgan added property taxes of nearly $7,000 per month to the monthly mortgage payment after advising plaintiff that the property taxes for the prior year had not been previously impounded. (Complaint ¶ 108.)

Plaintiff contends that JPMorgan kept its promise to "work with" plaintiff from November 2008 until June 2010, during which time it issued 69 delinquency notices for 5 of the subject loans. (Complaint ¶ 110.) Plaintiff admits that each notice contained an "anti-waiver provision" which reserved JPMorgan's right to accelerate the loan even though JPMorgan accepted a partial or late payment.  (Complaint ¶ 111.)  Plaintiff contends that JPMorgan did not exercise its right to accelerate any of these loans and instead allowed plaintiff to pay one or more of the delinquent installments and carry over to the next monthly bill the unpaid laid charges, costs, and fees and any remaining unpaid installments.  (Complaint ¶s 112-113.)

Plaintiff claims that as of November 2009, JPMorgan is indebted to plaintiff for more than $19,166.04 for plaintiff's payment of "invalid forced insurance charges." (Complaint ¶ 144.)

Plaintiff alleges that on July 20, 2010, JPMorgan issued a delinquency notice for the 2425 Ridgeley Property demanding a total of $26,023.88 by the July 29, 2010 reinstatement deadline. (Complaint ¶ 146.)  Plaintiff contends to have paid $10,955.72 via cashier's check on July 23, 2010 and requested a set off of the remaining $15,068.16 for the "payment of invalid forced insurance charges." (Complaint ¶ 148.)  Plaintiff contends that JPMorgan refused the $15,068.16 setoff and requested additional payment

GARRETT & TULLY
A PROFESSIONAL CORPORATION

of $26,052.39 by August 4, 2010. (Complaint ¶ 149.) Plaintiff contends that JPMorgan refused to credit payments he purportedly sent in September 2010 and accelerated the loan, requesting payment in full by September 10, 2010, which plaintiff did not pay. (Complaint ¶s 149.1 - 157.)

**D.**     <u>**State Court Lawsuits Filed by JPMorgan Chase Bank.**</u>

On November 5, 2010, JPMorgan's counsel obtained an order granting relief from the automatic stay for the subject properties, including the Imperial Property. Although the bankruptcy was not plaintiff's, it appears that the Imperial Property may have been alleged to be part of the bankruptcy estate. (*See* Exhibit C to concurrently filed Request for Judicial Notice ("RJN").)

On or about December 27 and 28, 2010, JPMorgan filed four lawsuits in Los Angeles Superior Court against plaintiff alleging claims for judicial foreclosure and specific performance of rents for all six loans on the four subject properties. The cases are identified as Los Angeles Superior Court Case Nos. BC451897, BC451898, BC451899 and BC452002 (collectively "Underlying Lawsuits"). Plaintiff's current counsel Freddie Fletcher appears as counsel of record on several pleadings filed on behalf of plaintiff in the Underlying Lawsuits.

Richard Sweeney was appointed receiver by court order for all four properties by the court in the Underlying Lawsuits.

On September 9, 2011, the court in the Underlying Lawsuits issued an order providing the following:

> "(1)     There is now no bankruptcy which affects or affects the subject properties, and there has been no past bankruptcy which affects or affected the receiverships as to the properties.
>
> (2)     The July 11, 2011 order issued by Judge Carolyn B. Kuhl was issued in error, was subsequently vacated, is therefore void and is of no effect whatsoever.
>
> (3)     The Receiver, Richard Sweeney properly turned over possession and control of the properties to defendant CRP, the successful purchaser at the foreclosure sales. CRP remains in possession and control of the properties until a subsequent sale or order of the court. Defendant Goltha Green has no right, title or interest in the properties and has had

163349.wpd
91498-409

GARRETT & TULLY
A PROFESSIONAL CORPORATION

none since June 15, 2011.

(4)    The court orders appointing the Receiver in this case issued in December 2010 and February 2011 with respect to the properties remain in effect.

(5)    From the issuance of the December 2010 ex parte order appointing the Receiver in this case, defendant Goltha Green has not been (and is not now) entitled to any benefit form the properties including but not limited to the following: Defendant Green since that date has not and does not have any right to possess, to manage or in any respect control any aspect of the properties.  He has no right of access and to enter the properties, to collect rents, to obtain any other income derived therefrom, to make any payment request or demands on any tenants under any circumstance for any money whatsoever, to interfere with workmen or those employed to mange the properties, etc.

(6)    CRP as sole owner of the properties is entitled to exclusive possession, control, rents or other income generated therefrom and access." (*See* Exhibit E to RJN.)

**E.    Assignments of Deed of Trust, Defendant Lopez' Purchase of Imperial Property and Complaint's Allegations Against Mr. Lopez**

On January 24, 2011, an assignment of the deed of trust encumbering the Imperial Property was recorded in the Los Angeles County Recorder's Office as Instrument No. 20110124846 indicating that the FDIC, as receiver for Washington Mutual, was assigning that security interest to U.S. Bank National Association Trustee of the WAMU 2007 MF-1 Trust. (*See* Exhibit A to RJN.)

On January 24, 2011, an additional assignment of the deed of trust encumbering the Imperial Property was recorded in the Los Angeles County Recorder's Office as Instrument No. 20110124847 indicating that U.S. Bank National Association Trustee of the WAMU 2007 MF-1 Trust was assigning that security interest to defendant JPMorgan Chase Bank. (*See* Exhibit B to RJN.)

Defendant JPMorgan foreclosed on the Imperial Property on June 15, 2011 and recorded a trustee's deed to the Imperial Property.  On June 20, 2011, JPMorgan recorded a trustee's deed in the Los Angeles County Recorder's Office in favor its subsidiary defendant CRP Properties on June 20, 2011 as Instrument No. 20110830341. (*See* Exhibit D to RJN.)

6

GARRETT & TULLY
A PROFESSIONAL CORPORATION

163349.wpd
91498-409

1   Defendant Lopez purchased the Imperial Property from CRP Properties on

2   September 15, 2011 for $525,000 without any knowledge of plaintiff's claim to the

3   Imperial Property.  (*See* Grant Deed, Exhibit F to RJN.)

4   On September 26, 2013, plaintiff filed the instant 267 page complaint, but did not

5   serve Mr. Lopez until January 30, 2014.  The only causes of action alleged against Mr.

6   Lopez are quiet title, cancellation of deed, declaratory relief and intentional infliction of

7   emotional distress arising solely from Mr. Lopez's purchase of the Imperial Property.

8   **III.   LEGAL ARGUMENT.**

9   **A.   Standard Of Review for Pleadings and Motions to Dismiss**.

10   Federal Rule of Civil Procedure 12(b)(1) allows a motion to dismiss for lack of

11   subject matter jurisdiction. "It is a fundamental precept that federal courts are courts of

12   limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the

13   Constitution or by Congress, must not be disregarded nor evaded." *Owen Equip. &*

14   *Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A challenge to jurisdiction "can be

15   either facial, confining the inquiry to allegations in the complaint, or factual, permitting

16   the court to look beyond the complaint." *Savage v. Glendale Union High Sch., Dist. No.*

17   *205, Maricopa Cnty.*, 343 F.3d 1036, 1039 (9th Cir. 2003).  Thus, the court is not

18   restricted to the face of the pleadings and "may review any evidence, such as affidavits

19   and testimony, to resolve factual disputes concerning the existence of jurisdiction."

20   *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988) (citation omitted).

21   Furthermore, when subject matter jurisdiction is challenged under Rule 12(b)(1), the

22   plaintiff has the burden of proving jurisdiction in order to survive the motion. *Stock*

23   *West, Inc. v. Confederated Tribes* 873 F.2d 1221, 1225 (9th Cir. 1989).

24   Federal Rule of Civil Procedure 12(b)(6) states a complaint may be dismissed for

25   failure to state a claim upon which relief may be granted if it appears beyond doubt that

26   the plaintiff can prove no facts in support of the claims that would entitle him or her to

27   relief. *Ento v. California*, 2013 U.S. Dist. LEXIS 173558, 1 (E.D. Cal. 2013) and *Jones*

28   *v. Dovery,* 2009 U.S. Dist. LEXIS 126104, 6 (S.D. Cal. 2009) (citing *Conley v. Gibson*,

GARRETT & TULLY
A PROFESSIONAL CORPORATION

7

163349.wpd
91498-409

DEFENDANT JESUS C. LOPEZ, JR.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

355 U.S. 41 (1957).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Davis v. Calvin,* 2008 U.S. Dist. LEXIS 83088, 10 (E.D. Cal. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).)

"[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994). The court is also not required to accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

**B.**     **The Court May Consider Documents Referenced in the Pleadings and Judicially Noticeable Documents When Ruling on a Motion to Dismiss.**

A court may consider documents alleged in a complaint and essential to plaintiff's allegations when ruling on a 12(b)(6) motion.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds); *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1295 (9th Cir.1998).  A court may take judicial notice of documents on which allegations in the complaint necessarily rely, even if not expressly referenced in the complaint, provided that the authenticity of those documents is not in dispute. *In re Autodesk, Inc. Sec. Litig*., 132 F.Supp.2d 833, 837-38 (N.D.Cal.2000).

As set forth in the concurrently filed request for judicial notice, Mr. Lopez requests that the court take judicial notice of certain documents filed with the Los Angeles Superior Court and United States Bankruptcy Court and recorded in the Los Angeles County Recorder's Office.

**C.**     **The Motion to Dismiss Must Be Granted Because This Court Lacks Subject Matter Jurisdiction to Adjudicate Plaintiff's Claims**.

Plaintiff's complaint does not articulate the basis for which he alleges that this court has subject matter jurisdiction to adjudicate the claims alleged in plaintiff's complaint.  However, it is clear that subject matter jurisdiction cannot be based on diversity jurisdiction pursuant to 28 U.S.C. §1332 as several defendants, including Mr.

GARRETT & TULLY
A PROFESSIONAL CORPORATION

163349.wpd
91498-409

Lopez, CRP Properties and North American are California citizens like plaintiff. (*See* Secretary of State Printouts, Exhibit G and H o RJN.) Accordingly, there is not complete diversity.

It appears that plaintiff may be alleging that this court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because plaintiff alleges that his complaint contains the following federal claims:

(1)     A declaratory judgment regarding defendant JPMorgan's ownership of plaintiff's loans and trust deeds. Plaintiff alleges that based on the fact the FDIC purportedly did not transfer all of plaintiff's loans to JPMorgan in 2008, the complaint seeks a declaration that the "2008 transfer was void in that it violated the special limitations imposed by 12 U.S.C. § 1821 which required the FDIC as receiver to transfer "all or none" of plaintiff's loans to the same financial institution." (Complaint ¶ 37.1)

(2)     A declaratory judgment that two bankruptcy court orders against Plaintiff are void for absence of personal jurisdiction. (Complaint ¶ 37.2)

(3)     A claim for damages under 42 U.S.C. § 1983 whereby plaintiff alleges that Chase conspired with the court-appointed receiver and acted jointly with a state judge in drafting and issuing an ex parte order and using the police "unlawfully seize and detain plaintiff, depriving him of liberty without due process of law." (Complaint ¶ 37.3)

None of these claims are directed at defendant Lopez and plaintiff has failed to demonstrate that this court may join the state law claims against Mr. Lopez with these purported federal question claims.   It is true that in a federal question case there need not be subject matter jurisdiction over all the claims in the complaint for there to be "original jurisdiction" within the meaning of 28 U.S.C.S. § 1367(a) because there is "original jurisdiction" if there is subject matter jurisdiction over one claim in the complaint.   *Gibson v. Chrysler Corp.*, 261 F.3d 927, 930 (9th Cir. Cal. 2001). However, there is only supplemental jurisdiction over the other claims, if all of the claims are transactionally related. *Id.*

The twenty sixth claim for relief for "false arrest and deprivation of liberty without

9

**GARRETT & TULLY**
A PROFESSIONAL CORPORATION

due process" against defendants Wilshire Fund, Ludwig, Menke, Lawrence and Floyd is not related at all to the transaction and/or conduct upon which plaintiff's claims against Mr. Lopez are based. Rather this § 1983 claim alleges that these defendants kept plaintiff ignorant of court proceedings whereby defendants Ludwig and Menke obtained the September 9, 2011 order (Exhibit E to the RJN) purportedly depriving him of liberty without due process. (Complaint ¶s 1125-1127.) Plaintiff further alleges that defendants Lawrence and Floyd, with the assistance of the Los Angeles Police Department, unlawfully detained and falsely imprisoned plaintiff against his will. (Complaint ¶ 1128.)

Similarly, plaintiff's twenty seventh claim for relief pursuant to 42 U.S.C. § 1983 against defendants JPMorgan Chase, Ludwig, Menke, Sweeney and Caballero does not pertain to the transaction and/or conduct upon which plaintiff's claims against Mr. Lopez are based. Plaintiff purports to assert a claim on behalf of three college students who are not even named as plaintiffs in this action. (Complaint ¶ 1132.) Plaintiff claims that the receiver Sweeney used the September 9, 2011 order to evict the college students from their apartment without due process. (Complaint ¶s 1139-1148.)

More importantly, plaintiff's claim pursuant to 42 U.S.C.§ 1983 is defective on its face. The focus of 42 U.S.C.§ 1983 is the "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (quoting *United States v. Classic*, 313 U.S. 299, 325-26 (1941)); *see also Daniels v. Williams*, 474 U.S. 327 (1986). Plaintiff's 42 U.S.C. § 1983 claims are against a bank, a California LLC and private individuals. There are no allegations in plaintiff's complaint to establish that any of these named defendants were "clothed with the authority of state law" sufficient to plead a colorable § 1983 claim.

### D. Plaintiff's Quiet Title, Cancellation of Deed and Declaratory Relief Claims Are Barred by the Doctrine of Collateral Estoppel.

Collateral estoppel is one of two aspects of the doctrine of res judicata. In its

10

163349.wpd
91498-409

GARRETT & TULLY
A PROFESSIONAL CORPORATION

narrowest form, res judicata "'precludes parties or their privies from relitigating a cause of action [finally resolved in a prior proceeding].'" *Teitelbaum Furs, Inc. v. Dominion* 58 Cal. 2d 601, 604 (1962) quoting *Bernhard v. Bank of America*, 19 Cal. 2d 807, 810 (1942).   But res judicata also includes a broader principle, commonly termed collateral estoppel, under which an issue "'necessarily decided in [prior] litigation [may be] conclusively determined as [against] the parties [thereto] or their privies . . . in a subsequent lawsuit on a different cause of action.'" *Teitelbaum Furs*, *supra*, 58 Cal. 2d at p. 604.

Thus, res judicata does not merely bar relitigation of identical claims or causes of action. Instead, in its collateral estoppel aspect, the doctrine may also preclude a party to prior litigation from redisputing issues therein decided against him, even when those issues bear on different claims raised in a later case. *Vandenberg v. Superior Court*, 21 Cal. 4th 815, 828 (1999).   Moreover, because the estoppel need not be mutual, it is not necessary that the earlier and later proceedings involve the identical parties or their privies. *Id.*   Only the party against whom the doctrine is invoked must be bound by the prior proceeding.   *Lucido v. Superior* Court, 51 Cal. 3d 335, 341 (1990); *Teitelbaum Furs, supra*, 58 Cal. 2d 601, 604; *Bernard, supra*, 19 Cal. 2d at p. 810.

As previously discussed, plaintiff was the defendant in the Underlying Lawsuits filed by defendant JPMorgan.   These lawsuits involved the subject matter of this litigation and JPMorgan's efforts to obtain a receiver for the subject properties and eventually foreclose.   The basis for plaintiff's complaint in this action is that JPMorgan wrongfully accelerated the subject loans, refused to accept his late payments and foreclosed on the subject properties, therefore rendering the subsequent sales by CRP Properties to defendants, such as Mr. Lopez, invalid and subject to cancellation.

Plaintiff has already had the opportunity to litigate the validity of the foreclosure sales in the Underlying Lawsuits and he lost.   As reflected in the court's September 9, 2011 order (Exhibit D to RJN), the court ruled that the receiver, Mr. Sweeney, properly turned over possession and control of the properties to defendant CRP, the successful

GARRETT & TULLY
A PROFESSIONAL CORPORATION

DEFENDANT JESUS C. LOPEZ, JR.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

purchaser at the four foreclosure sales. Moreover the court held that CRP remains in possession and control of the properties until a subsequent sale or order of the court. Furthermore the court held that plaintiff has no right, title or interest in the properties and has had none since June 15, 2011.

Plaintiff cannot be permitted to relitigate the issue of the validity of the foreclosure sales in this new lawsuit. His claims are barred by the doctrine of collateral estoppel because he was a defendant in the Underlying Lawsuits where the very subject matter of this lawsuit was already adjudicated by the court.

**E.     To The Extent Plaintiff's Declaratory Relief and Cancellation of Deed Claims are Based on JPMorgan's Alleged Wrongful Foreclosure, They are Time Barred.**

Because "claims that a foreclosure is 'wrongful' can be tort-based, statute-based, and contract-based", there are various statute of limitations that are implicated. *Glaski v. Bank of America*, 218 Cal. App. 4th 1079, 1100, fn. 17 (2013). Plaintiff acknowledges he was in default on all six loans and alleges in his complaint that Washington Mutual verbally promised to "work with" plaintiff and did not strictly enforce the repayment of the terms of the loan agreements, allowing plaintiff to "pay late, forgave repayment penalties, carried over delinquent installment to the next month, etc." (Complaint ¶ 96.) Plaintiff also alleges that in November 2008, JPMorgan "adopted" Washington Mutual's prior agreement to "work with plaintiff." (Complaint ¶ 102.) Plaintiff then alleges that on September 2010, Katrin Franz (alleged to be a managing agent of JPMorgan Chase) accelerated each of the five loans, blocked payments to his loan accounts and refused to accept future installment payments. (Complaint ¶s. 994-995.) Plaintiff is essentially alleging that JPMorgan Chase breached a verbal agreement with plaintiff to "work with him" to accept partial and late payments and not foreclose on the properties. There is no statute that authorizes the wrongful foreclosure claim, as Civil Code section 2924 expressly states that the acts of a foreclosing trustee are privileged. In addition, any wrongful foreclose claim based upon breach of a verbal agreement is barred by the two

GARRETT & TULLY
A PROFESSIONAL CORPORATION

163349.wpd
91498-409

DEFENDANT JESUS C. LOPEZ, JR.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

year statute of limitations set forth in Code of Civil Procedure § 339.  Finally, because the foreclosures occurred on June 15, 2011, more than two years before plaintiff's lawsuit was filed, his claims are time barred.

### F.   Plaintiff's Intentional Infliction of Emotional Distress Claim Is Fatally Defective.

#### 1.   Plaintiff Fails to Plead the Requisite Elements of His Emotional Distress Claim.

The elements of the tort of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. . . ." "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." [Citation.] The defendant must have engaged in "conduct intended to inflict injury or engaged in with the realization that injury will result." [Citation.] *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991); *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993).

Plaintiff's twenty-fourth claim for intentional infliction of emotional distress fails to adequately plead the requisite elements.  Instead, plaintiff groups several defendants together stating they "conspired, acted jointly, and aided and abetted one another to intentionally inflict emotional distress" on plaintiff.  (Complaint ¶ 1093.)  There is no specific description of what Mr. Lopez allegedly did wrong to serve as the basis of the emotional distress claim.  Then plaintiff alleges that defendant Chase was the purported bad actor by inducing plaintiff to surrender possession of his property by "means of false and threatening letters and the employment of economic pressure."  (Complaint ¶ 1093.1.)  Plaintiff does not allege that Mr. Lopez participated in such alleged misconduct.  Plaintiff cannot maintain a viable emotional distress claim against Mr. Lopez with such vague and conclusory pleading.

GARRETT & TULLY
A PROFESSIONAL CORPORATION

DEFENDANT JESUS C. LOPEZ, JR.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

## 2.   Plaintiff's Emotional Distress Claim is Time Barred.

A claim for intentional infliction of emotional distress is subject to the two-year statute of limitations of Code of Civil Procedure section 335.1. *Magpali v. Farmers Group, Inc*., 48 Cal.App.4th 471, 485 (1996); *Pugliese v. Superior Court*, 146 Cal. App. 4th 1444, 1450 (2007).

Assuming that plaintiff's intentional infliction of emotional distress claim is based upon the events set forth in paragraphs 941 through 944 of plaintiff's complaint, plaintiff's claims are time barred.  Plaintiff specifically alleges that on September 21, 2011, plaintiff was on the "Imperial property speaking with one of the tenants" when a "heavily tatooed [sic] Hispanic male armed with a box cutter approached plaintiff." (Complaint ¶ 941.1-941.2.)  Plaintiff alleges that further alleges that he was placed in fear of a physical assault with the box cutter and his daughter called the police and learned the man was defendant Jesus Lopez. (Complaint ¶ 941.6.)  The last act plaintiff complains that Mr. Lopez committed was on September 26, 2011, when Mr. Lopez allegedly "reeved[sic] the engine [of his truck] and speeded [sic] directly toward plaintiff on the wrong side of the street, knocking aside garbage cans from the 54th Street Property which lined the street directly in front of plaintiff's vehicle and putting plaintiff in fear for his life."  (Complaint ¶ 943.)  The last possible day for plaintiff to file his claim against Mr. Lopez was September 25, 2013. Mr. Green filed his complaint on September 26, 2013, one day too late.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

GARRETT & TULLY
A PROFESSIONAL CORPORATION

163349.wpd
91498-409

IV.   **CONCLUSION.**

As discussed above, this court lacks subject matter jurisdiction to adjudicate plaintiff's claims because there is no complete diversity and plaintiff has failed to plead a viable claim based on a federal question.  Moreover, plaintiff's quiet title, cancellation of deed and declaratory relief claims are barred by the doctrine of collateral estoppel in light of the Los Angeles Superior Court's September 9, 2011 order validating the four foreclosure sales.  Furthermore, not only as plaintiff failed to adequately plead an emotional distress claim against defendant Lopez, even if he did, the claim is time barred.  No amendment can remedy the complaint's fatal defects and thus leave to amend must be denied.


DATED: February 20, 2014          GARRETT & TULLY, P.C.
                                  Ryan C. Squire
                                  Jennifer R. Slater

                                          /s/
                                  _____
                                  JENNIFER R. SLATER
                                  Attorneys for Defendant Jesus C. Lopez, Jr.,
                                  Individually and as Trustee of the San Miguel
                                  Irrevocable Trust

**GARRETT & TULLY**
A PROFESSIONAL CORPORATION

163349.wpd
91498-409

## DECLARATION OF JENNIFER R. SLATER

I, Jennifer R. Slater declare as follows:

1.      I am an attorney licensed to practice before all courts of the State of California, a member of the Bar of this Court, and an associate at Garrett & Tully, PC, attorneys of record for defendant Jesus C. Lopez, Jr., Individually and as Trustee of the San Miguel Irrevocable Trust

2.      This declaration is made in support of defendant Jesus C. Lopez, Jr.'s motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  If called upon and sworn as a witness in this matter, I could and would competently testify based upon personal knowledge as set forth below.

3.      On February 14, 2014 at approximately 11:30 a.m I telephoned Freddie Fletcher, counsel for plaintiff.  During this telephone call I attempted to discuss my client's contemplated motion to dismiss and the grounds for such motion.  Mr. Fletcher grew agitated and repeatedly yelled at me when I began to state the grounds for Mr. Lopez's motion.  I indicated I was simply trying to meet and confer in good faith and would not be able to continue if he continued to yell at me.  Mr. Fletcher continued to yell at me.  Accordingly, I could not discuss every basis for the contemplated motion and ended the telephone call.  Based on this telephone conversation, I did not believe any further meet and confer efforts would be productive.

4.      Attached to the concurrently filed request for judicial notice as Exhibits G and H are printouts I obtained from the California Secretary of State's website reflecting that defendants CRP and North American Title Company are California corporations.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 20th day of February 2014 at Pasadena, California.

_____
/s/
JENNIFER R. SLATER

**GARRETT & TULLY**
A PROFESSIONAL CORPORATION

16

163349.wpd

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 20, 2014.

<u>    /s/ Sofia Escalante          </u>
Sofia Escalante
Garrett & Tully, P.C.
225 S. Lake Ave., Suite 1400
Pasadena, CA  91101
Telephone: (626) 577-9500
Facsimile: (626) 577-0813
Email: sescalante@garrett-tully.com

17

163349.wpd